This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                     **NO. A-1-CA-37397**

**AMANDA SOTELO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred T. Van Soelen, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Gregory B. Dawkins, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Chief Judge.**

{1}     Defendant appeals her convictions for aggravated battery, aggravated DWI, resisting, driving with a revoked license, open container, and concealing identity. We

issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. Not persuaded, we affirm.

{2}    Initially, we note that we have two separate records reflecting the fact that two criminal proceedings were consolidated for sentencing. We will refer to the records as CR-363 and CR-417.

{3}    Defendant continues to challenge the sufficiency of the evidence to support her convictions. [MIO 3] *See generally State v. Armijo*, 1997-NMCA-080, ¶ 16, 123 N.M. 690, 944 P.2d 919 ("A motion for a directed verdict challenges the sufficiency of the evidence[.]"). A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citation omitted).

{4}    The elements of the offenses were set out in the jury instructions. [RP CR-363 at 218; RP CR-417 at 168-73] In support of the aggravated battery charge, the State presented evidence that Defendant lured the victim to the front of the vehicle Defendant was driving, at which time Defendant "floored it." [MIO 2; DS 3] Victim

jumped onto the hood of the car, and then was thrown onto the street, suffering injury. [MIO 2; DS 3-4] The State also presented testimony from an officer concerning physical evidence that corroborated Victim's story. [DS 4]

{5} With respect to the charges in CR-417, the State presented evidence that Defendant refused to stop her vehicle when an officer located her and activated his lights. [DS 4] When she did stop, the officer noticed that Defendant smelled of alcohol, had slurred speech, and that there was an open container of alcohol in her vehicle. [DS 5] Defendant would not reveal her identity and refused to consent to testing after the officer attempted to read her the informed consent act. [DS 5] Our calendar notice proposed to hold that this evidence was sufficient to support the charges in CR-417.

{6} In her memorandum in opposition, Defendant refers us to possible discrepancies in the evidence or alternative inferences that could be derived from the evidence. [MIO 2-5] However, as we noted above, on appeal we view the evidence in the light most favorable to the verdict. In addition, the jury was free to reject Defendant's testimony [MIO 3] that it was an accident. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Finally, to the extent that Defendant is challenging the basis for the stop [MIO 5-6], Defendant did not raise this issue in her

docketing statement [DS 8], and has not established that the issue was preserved or is otherwise viable. *See* Rule 12-208(F) NMRA.

{7}     For the reasons set forth above, we affirm.

{8}     **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____
**STEPHEN G. FRENCH, Judge**

_____
**EMIL J. KIEHNE, Judge**